UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE E. HOWELL,

        Petitioner,                      FILE NO. 5:05-CV-145

v.                                        HON. ROBERT HOLMES BELL

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issue a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #6). The matter presently is before the Court on Petitioner's objections and amended objections to the R&R (docket ##7, 10, 11). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## II.

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, habeas petitions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As the Magistrate Judge thoroughly discussed, according to Petitioner's habeas application, he appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on January 26, 1987. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on April 27, 1987.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). Therefore, a petitioner whose conviction became final prior to the effective date of the AEDPA had one year from the effective date, until April 24, 1997, in which to file his petition. *Payton v. Brigano*, 256

3

F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001).  The instant petition was filed on or about October 7, 2005, more than eight years after the statute of limitations expired.

Further, while 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or "restart the clock."  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  Because Petitioner's one-year period expired in 1997, his motion for relief from judgment filed in 2001 does not serve to revive the limitations period.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

As the Magistrate Judge discussed in the R&R, the one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09.  In *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In his objections and amended objections, Petitioner argues that he should be entitled to equitable tolling on two grounds. First, he suggests that the constitutional claims raised in his petition go to his actual innocence, which constitutes sufficient basis for equitable tolling. Second, he argues that the Magistrate Judge failed to consider as grounds for tolling the fact that he never received notice of the Michigan Court of Appeals decision issued July 3, 2003, denying his motion for relief from judgment. As a result, Petitioner was unable to file a timely application for leave to appeal from that decision.

With respect to Petitioner's first objection, the Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). Petitioner, however, fails to meet the standard for proving a claim of actual innocence. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Souter*, 395 F.3d at 590, 598-99; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness

5

account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner has made no such showing in this case. His contention that his habeas claims have merit does not state a claim of actual innocence. His habeas challenges all are directed to the adequacy of the process he received at trial, not to any claim that he is actually innocent of the offenses for which he was convicted. Moreover, Petitioner has presented no new reliable evidence in support of such a claim. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner's second objection also is without merit. Petitioner argues that, because he was not properly notified of the Michigan Court of Appeals decision on appeal of the denial of his motion for relief from judgment, he was unable to file a timely application for leave to appeal in the Michigan Supreme Court. Because he was not at fault for failing to file a timely application to the Michigan Supreme Court, Petitioner suggests that he should have been entitled to tolling under 28 U.S.C. § 2244(d)(2) during the entire period from the filing of his motion for relief from judgment through decision of the Michigan Supreme Court to deny reconsideration of his application for leave to appeal.

Accepting that Petitioner he did not learn of the July 3, 2003 Michigan Court of Appeals' decision until May 18, 2004, and assuming such lack of notice would entitle Petitioner to equitable tolling until the Supreme Court's denial of reconsideration on November 30, 2004, Petitioner's habeas application remains time-barred. As the Magistrate Judge advised Petitioner, because his conviction was final before adoption of the AEDPA, the statute of limitations expired at the end of the one-year grace period following adoption of the AEDPA, or April 24, 1997. The tolling provision of 28 U.S.C. § 2244(d)(2) does not revive the limitations period; it merely tolls the running of a period not yet fully expired. *See Vroman*, 346 F.3d at 602. The statute of limitations expired more than four years before Petitioner filed his motion for relief from judgment in the Wayne County Circuit Court on May 23, 2001. Petitioner therefore had no limitations period remaining to toll. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court also must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases

is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See, e.g., Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the

procedural ground that the petition is barred by the statue of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

      A judgment consistent with this opinion shall be entered.


Date:     September 29, 2006              /s/ Robert Holmes Bell
                                                                        ROBERT HOLMES BELL
                                                                        CHIEF UNITED STATES DISTRICT JUDGE